*137 The opinion of the court was delivered by
S. Chase, Ch. J. (Goldsborough, J.
concurring.)
The court are of opinion that no tender is legal, or can be admitted to be proved, before the day of payment mentioned in the condition of the bond. As the creditor cannot sue, so neither should he be compelled to receive, before the day; the words in the condition being “ at or Upon? which had not arrived when the tender was made.
The court are also of opinion that the act of October, 1780, c. 5. had no relation to continental contracts, where the day of payment was after the continental money was called out of circulation.
The court are, therefore, of opinion, that no evidence ought to be admitted to prove the facts stated by the defendant.
The defendant excepted, and appealed to the court of appeals.
*138 SSucere, whether tender before the day, at common law, can stop interest?
Martin, (Attorney-General,) contra.
Tender of money in a bag is not good, unless counted out. Stra. 916. Co. Litt. 208. a. 5 Co. 115. a. Noy, 74. 1 Crompt. 512. 1 Roll. Abr. 445, 446. 2 Com. Dig. 452. Co. Litt. s. 343. 4 Leon. 245. Yelv. 38. 2 Cro. 14. 2 Vent. 109. 1 Raym. 687. 2 Cro. 499. 5 Co. 114. a. 8 Co. 92. b. Co. Litt. 202. a. 210. b. Salk. 624. Doug. 26. 659. Esp. Rep. 111. 115.
Question, whether parol evidence is admissible against a deed or written agreement ?
A contract executed with solemnity cannot be dissolved but by a contract of equal solemnity. Gilb. Evid. 176.
By the statute of 4 Anne, c. 16. s. 12. payment before the action is as good as payment on the day. Gilb. 85. 175.
No parol evidence is admissible to disannul and substantially vary a written agreement. 3 Wils. 276.
Parol evidence may be admitted to explain a deed or will when it is to support, but not where it is to destroy, the deed or will; for instance, if two Johns are named, parol evidence may be admitted to show which John was meant. 3 Wils. 276. 2 Bac. Abr. 309.
Where there is an agreement in writing executed, you cannot give parol evidence to supply any defect in that agreement as what was intended to be part of the agreement, though not inserted. 2 Eq. Abr. 48. pl. 16. Bunb. 65.
Parol evidence of what the testator intended may be given when it is only to rebut an equity j otherwise, where *139 it is to control the law. 1 Eq. Abr. 230. pl. 1. 2 Eq. Abr. 415. pl. 5.
You cannot depart from the writing, but may argue .touching the operation thereof. 3 Wils. 276.
See 1 Fonbl. 188. in note, and the cases there cited.
The. court of appeals (June term, 1794) reversed the judgment, and awarded a procedendo.